# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**MARIO COLLIER** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:11-CR-159 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 33 years old. For the past 15 years he has resided in Kalamazoo, except when he was incarcerated by the MDOC from 2001 to 2006. He is unemployed. He has no permanent residence, although he could live with a family member.

Defendant has smoked marijuana since the age of 15, and has used cocaine daily for the past 8 years. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from the defendant's continued trafficking in drugs, based upon the unrebutted presumption or, in the alternative, on the basis of defendant's repeated involvement in drug trafficking as evidenced by his criminal record and the fact that he has continued to traffic in drugs even while he is on bond.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 1, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **MARIO COLLIER**
1:11-CR-159
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

During the past 15 years, defendant has compiled a substantial criminal record, which includes a bench warrant for contempt of court in 1997 (failure to pay a fine apparently) and another bench warrant for failing to appear for an arraignment. In 1998, defendant failed to appear twice for arraignments, and he was sentenced to a year in jail for possession of cocaine the following year.

Defendant was sentenced to prison in 2001 (8 to 20 years) for delivering/manufacturing drugs.

Defendant was convicted of another drug offense and for being a habitual offender in 2009 and discharged from probation on February 7, 2011. Less than a month later he was charged with another drug offense. After being released on bond on April 5, 2011, on the last drug offense, defendant was charged with delivering and manufacturing drugs in May 2011. A warrant for defendant's arrest on May 18, 2011 led to the discovery of more drugs.

**Part II - Written Statement of Reasons for Detention** - (continued)